The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is Zebediah G. Kellogg-Roe v. Richard M. Gerry, Appeal No. 20-1408. Attorney Mirashem, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. My name is Bezod Mirashem. I represent Zebediah Kellogg-Roe. May I reserve one minute for rebuttal? Yes, you may. Thank you, Your Honor. The very text of the Sixth Amendment makes counsel an assistant and therefore leaves the defendant as the master of his own case. By using this phrase, assistants of counsel, the framers protected the autonomy of a criminal to the objectives of the representation, and in this case, Mr. Kellogg-Roe's objective was to have his counsel stand down and to have a silent defense presented. I don't understand how that is an objective. I think that the way to understand the word objective in this context may be to consider a couple of situations where the Supreme Court in McCoy made this distinction between counsel's decisions and defendant's decisions. The court talks about a fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his liberty. The court says strategic choices about how best to achieve objectives are the lawyers, but it's the client who decides what the objectives, in fact, are. Let me interrupt you again. McCoy talks about pleading guilty, waiving the jury, testifying, taking an appeal, and then I think it's been expanded to include the insanity defense after that, but none of those go to day-to-day decisions that are made in a courtroom during a trial. Two points, Your Honor. One is that is a very narrow reading of McCoy. If the court in McCoy wanted to only protect that list, it would not have spoken expansively about the defendant being allowed to make his own choices, would not have emphasized the text of the amendment making the lawyer an assistant. Counsel, surely you're not arguing that the specific holding is overridden by a description that says make his own choices and that the defendant is entitled to make all of his own choices. No, Your Honor. I'm arguing that the specific holding in McCoy was that the defendant in that case had to proceed on this disastrous choice of denying factual guilt rather than have his lawyer save his life. In explaining that specific holding, however, the court focused on the text of the Sixth Amendment, the role of the lawyer as an assistant, and there's no... Okay, Counsel, are you, in fact, conceding that it would be an extension of McCoy to apply it in this case? I would put it as the natural extension of McCoy would be to decide the case. And you think the text of the Sixth Amendment leads one to say that the Supreme Court will extend it in the way you have just described? Correct. The text of the amendment and the language of the opinion in which the court explained its reasoning. The holding was Mr. McCoy's particular circumstance. Five minutes, Counsel. The reasoning is much broader and recognizes that, sure, the lawyer gets to decide which specific questions to ask a witness, which legal arguments to present versus other ones, but the overarching decision as to whether or not to affirmatively challenge the prosecution's case is a kind of basic fundamental decision that is basically the mirror image of the fact pattern in McCoy. Counsel, if that is so, why do you have counsel at all? Why do you not just sit there without counsel? Well, you have a right to counsel. Yes, but why would you choose to have counsel if you intended counsel to do absolutely nothing? There are a lot of things that happen in a court case, pre-trial filings, jury selection. There are a lot of practical aspects to what happens in court that is a complete mystery to a layperson, and so a defendant should be allowed to use counsel at all of those steps, say, for example, formulating or proposing appropriate jury instructions and yet decide for a silent defense where it comes to the evidence portion of the trial. You're correct that Mr. Kellogg-Rowe did not choose to waive counsel, but by not waiving counsel, he did not forego the right to control the ultimate objective of the representation, which I acknowledge for him was an atypical one. Excuse me, but if he does not intend to challenge the prosecution's case, why does jury selection matter? He just wouldn't know how to do it. He would be sitting in... He might not want to bias jury. I agree with... Ron, one puzzling thing about the case, you're only bringing a Sixth Amendment claim, or are you also bringing a Fifth Amendment claim? This is only a Sixth Amendment claim, because it's... This is a thought that maybe you can help me with. One way to understand what you're saying is that there was a certain type of defense that he was not allowed to propound, and if I understand that, that's chiefly because the judge didn't want counsel, wouldn't let counsel provide that type of defense. Am I right about that? In other words, is there an indication... My sense of the record was that counsel wanted to do what the defendant wanted to have happen, but that the judge was saying, no, you have to do more than that to counsel. That is exactly correct. Trial counsel... One question about that is, why isn't that better conceived of as potentially a Fifth Amendment problem, in the sense that it was precluding the defense that the defendant wanted to propound from being offered, just like if he wanted to have an entrapment defense, and the instruction was disallowed. We usually think of that as interfering with his right to present his own defense. In a situation like this, it just seems a little strange to treat it as interfering with his right to counsel. I'm just not quite following that. I acknowledge that it's not as obvious as, say, a Strickland-type claim. The issue, though, is that client autonomy about choices, such as what defense to present, whether to present a defense at all, those doctrinally have been, in Ferreira and other cases, put in the Sixth Amendment, not focusing on the word counsel, but on the word assistance. The defendant is being deprived of his right to have counsel be merely an assistant when the trial judge overrides the defendant's choice. Judge Burroughs asked you at the very start how you would define the objective he was trying to achieve. If I understood you right, you shifted a little bit to talking about choices about objectives, but could you just state for us what you would like us to understand his objective to have been? His objective was to present a silent defense. That was his ultimate objective in this case. Could you maybe give me one more sentence? Why would that be an objective? That seems to me like a description of the defense. What is the objective that you would say attaches to the truth publicly aired in the courtroom without necessarily tearing down the victim? A public airing of the truth was the objective in this case. Thank you. That's helpful. Thank you, Your Honors. Thank you. Attorney Muresh, please mute your audio and video. Attorney Woodcock, please proceed with your argument. Good morning, Your Honors. May it please the Court, Elizabeth Woodcock for the warden. The petitioner has set this case up as an appeal about whether the decision to run a silent defense belonged to counsel or the defendant. The warden respectfully disagrees with that characterization of this case. This appeal is actually about whether having elected to be represented by counsel, the defendant could prevent his lawyers from doing what they were appointed to do. The petitioner in this case was asked on numerous occasions if he wanted to something to the effect of he didn't want to be heard on the point. On another occasion, he said that the record is the record. The trial court, therefore, was presented with the problem of making sure that the defendant had constitutionally defensible representation. And given the fact that he would not waive counsel, the trial court could not very well step in and tell the lawyers that they had no obligation to do what they were ethically and constitutionally required to do. This case presents a very difficult situation because I think in many ways we don't really understand why the petitioner did what he did. Your opponent just gave a description of the objective, which is that he has a presumption of innocence. He wanted to take advantage of that rather than pleading guilty, but he didn't want in any way to be suggesting that his accuser was lying. He just didn't want any part of that. If you can't prove the case against me, that's fine, but I'm not going to do anything to suggest that my accuser in this situation is a liar. What's wrong with that as an objective? I'm not sure that that is an indefensible objective, Your Honor. The trial counsel did question the victim when she took the stand. She was not cross-examined. Other people were. But there's no way, I guess, from his perspective, if I'm understanding it right, there's no way for him to present an affirmative case that's not going to suggest that his accuser is wrong. I think that that's not quite true, Your Honor, and I would point the court to a competency hearing that the court held on June 8, 2009. There were two experts who testified, and they talked about Mr. Kellogg Rowe as being aware that what he had been charged with was a crime, but not really seeing that what he had done was wrong. And so I think that the idea was that he would, as Mr. Marasham said, the truth will come out, but he did not see himself as being criminally culpable. Therefore, when the defense attorneys were asking other witnesses questions, they were trying to highlight that kind of defense to present to the jury. If they had done nothing, the defendant wouldn't have had any defense at all. Let me see if I can get that. If I'm following it, implicit in what you're saying is that it's not an objective to present a silent defense. That's just a description of the type of defense that was put forward. And then what we should evaluate is, insofar as there is anything to the defendant's contention here that his objective was thwarted, and that violates the Sixth Amendment right, you would simply say there's just not enough of a record to show that any objective that we could discern was actually thwarted by the type of representation he got. Rather, all of it could be understood as just strategic choices that are consistent with that objective. Is that the idea? I would agree with that, Your Honor. Judge Barron is suggesting if your side prevails, a more limited ruling that does not go to the full scope of what the Supreme Court has said, but rather accepts arguendo that there may be something to the premise. But on the facts here, the premise just isn't borne out. At least that's what I understood the suggestion to be. And your answer was, oh yes, I agree with that now that I've reframed it. Do you, in fact, agree with that? I'm not sure that I'm following the distinction that the court is drawing, but my view of this, Your Honor, in an attempt to answer your question, is that the Supreme Court has given defendants certain controls over things. And one of them is whether they want to be represented or not. And in this particular situation, if the defendant wanted the kind of defense that he wanted, he should have released his lawyers from the obligation of representing him. You cannot assert two rights that are in such direct conflict with one another. So, I think that the Supreme Court, when it listed off all the different areas in which a defendant should have the ultimate say, whether he testifies, whether he waives a jury trial, those kinds of things are significant fundamental rights. But the assertion that you can require a lawyer to come and defend you and then not do that job, to me, it doesn't make any sense. I'm sorry, go ahead. I thought you were making the broader argument. That is how you started, and that is now what you've just repeated. So, Judge Burroughs? Could you solve that problem with a waiver? With a colloquy on the record? The court tried, Your Honor. It asked him a number of different times if he wanted to be discerned. Sorry, my question wasn't clear. Could you deal with the conflict between the Fifth and the Sixth Amendment rights with a colloquy by making sure that he wanted a lawyer to sit there, but protecting the lawyer's integrity and ethical obligations by getting a waiver from the defendant of exactly what he was circumscribing the representation to be? If the defendant had been more responsive to the court's questions, I think that a trial court might have been able to do that, Your Honor. But his answers were evasive, repeatedly evasive, and it's almost impossible to describe. The court and the lawyers are doing their level best to represent and to protect the rights of a person who understands, certainly, he's competent. He understands what the trial is all about, but he doesn't seem to, for lack of a better word, he doesn't seem to want to engage in what the process is. Ms. Woodcock, where, you know, Judge Burroughs was asking a question that goes to what instructions trial judges might derive from any opinion of this court about what they should do, and the suggestion was getting an explicit waiver. But from what your opponent said, he doesn't know about trials, he doesn't know what the issues are coming up, can't ask him to make an intelligent waiver of stuff he doesn't know about. So, I have the feeling that he would say, no, this is not a situation in which waiver would work. I mean, I can ask him that, but I tend to think there are some assumptions there about waiver that might well be challenged by defendants making this sort of argument. I think that we do ask defendants to waive certain rights, Your Honor, if they decide to represent themselves. That obviously was not the case here, and I think that he was asserting conflicting rights. Thank you. Thank you. Can I ask you just one, two questions, and if you, well, in this case, suppose counsel had honored his wishes, and the district court continued to press, they know you've got to do an opening argument, and counsel says, okay, opening argument is I have nothing to say. What is supposed to happen in that situation? I guess that's what I'm just not quite following, if you can give me some guidance about how to think about this problem going forward, because the oddity here is that the counsel, although they seem to want to honor his wish, seem to feel that they couldn't because of the district court's urging that they had to do more than that. It's always very hard to read people's intentions in a transcript, Your Honor, but I think that his lawyers wanted to defend him. I think that they filed the motions that they filed regarding the silent defense in order to get some direction from the court, but if you read the cross-examination of, for example, the victim's mother, the lawyer gave a very skillful cross-examination. He was obviously very prepared. On other occasions, his cross-examination is very brief, but it's very much to the point of trying to show that he may have made false confessions, or there may be some other explanation for what happened. One last question, then. Suppose there is the counsel files. It's sort of almost the opposite of Burroughs' question, where the district court wants to waive the counsel files and says, here's what I'd like to do. I'd like to proceed by just giving a silent defense. District court says, that's fine. We'll go that way. I take it you would then say, if the defendant then brought a Sixth Amendment claim against his counsel for ineffective assistance, you would say what? I would have to understand why counsel would take that kind of approach, Your Honor, but I think that the obligation of a lawyer is to try to represent his client as best he can. If the silent defense, if presenting nothing, is defensible strategically, then it's not ineffective assistance of counsel, but I would find it very hard to imagine a circumstance in which that was a legitimate defense. It is a sort of catch-22, because on the other side of it is the potential ineffective assistance of counsel claim. You should have done more. The state court here made a mistake in conflating the two different strands of analysis. Anyway, thank you very much. Thank you, Your Honor. Attorney Woodcock, please mute your audio and video. Attorney Marascham, please unmute your audio and video. Judge Lynch, with your permission, Attorney Marascham may proceed with rebuttal time. Yes, please. It is key here that the problem was between the defendant and the court, not the defendant and his lawyers. The lawyers filed a notice of no defense, bringing the matter to the trial judge's attention. In fact, the kind of waiver colloquy that Judge Burroughs is discussing was taking place on page 44 of the joint appendix, where the judge tells the defendant, basically, that, hey, your lawyers, I'm not going to let them do this. The defendant says, so to clarify, you are saying I do not have the right to ask them to stand down and present no defense. He was telling the judge that there is no problem, really, between him and his lawyers. The lawyers just wanted to make sure that the judge allows them to do what their client had directed them to do. From the lawyer's perspective, he may think he's doing his client a service by honoring his wishes at trial, but also allowing him a potential appellate issue. The waiver, it doesn't necessarily work, because you could have the client going back to that was a strategic issue, or I am too ignorant for that kind of waiver to be effective. It's the lawyer's job to keep me from making a waiver like that. There's a substantial body of case law where even if a decision is normally the lawyer's, but the defendant explicitly instructs his lawyer, don't call this witness, don't pursue this line of questioning, then the defendant can't be heard to come back and say, my lawyer was ineffective because he did what I told him to do. If you ask your lawyer to do something, you live with the consequences regardless of how the division of authority otherwise may lie. I don't think that there is this concern about the lawyers if they follow the defendant's instructions, then they get in trouble with Strickland. What do we do with the factual disputes, which this court sees all the time between defendants and their trial counsel about what instructions were actually given? We see this all the time on, oh, I asked you to file a notice of and then there has to be an evidentiary hearing. It is not quite as clear as you are positing. I recognize that, but it's also true that as a practical matter, the lawyers always win that factual dispute. No, that is not true, sir. Thank you. Unless there are any further questions, I submit the case. Okay. Thank you very much. It was a quite useful argument. Thank you. Thank you, Ronna. That concludes argument in this case. Attorney Murasham and Attorney Woodcock should disconnect from the hearing at this time.